**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2769-18T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

SAMUEL RYAN,

      Defendant-Appellant.

_____

> Argued November 9, 2020 – Decided November 20, 2020
>
> Before Judges Rothstadt and Mayer.
>
> On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 96-04-0511.
>
> James K. Smith, Jr., Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; James K. Smith, Jr., of counsel and on the briefs).
>
> Daniel Finkelstein, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Daniel Finkelstein, of counsel and on the brief).

PER CURIAM

Defendant Samuel Ryan appeals from a January 17, 2019 order denying his petition for post-conviction relief (PCR).[1] Specifically, defendant asserts his sentence of life without parole is unconstitutional under State v. Zuber, 227 N.J. 422 (2017), violating both the federal and state constitutions. He also contends he cannot be sentenced to life without parole under the "Three Strikes Law," N.J.S.A. 2C:43-7.1, because his first "strike" occurred when he was a juvenile. We disagree and affirm for the comprehensive and well-explained reasons set forth in the written decision rendered by Judge Cristen P. D'Arrigo.

The relevant facts and procedural history are set forth in Judge D'Arrigo's decision. Defendant's conviction was affirmed, including his challenge to the sentence of life imprisonment without parole.[2] State v. Ryan, No. A-3008-97 (App. Div. June 8, 1999). The Supreme Court denied defendant's petition for certification. State v. Ryan, 163 N.J. 77 (2000). Defendant's prior PCR petitions were denied, and we affirmed the denials of those PCR petitions. See State v. Ryan, No. A-1719-05 (App. Div. June 27, 2008), certif. denied, 196 N.J. 466

---

[1] Defendant's motion was styled as a motion to correct an illegal sentence.

[2] The opinions affirming defendant's convictions and denying his prior PCR petitions were decided prior to our Supreme Court's decision in Zuber.

(2008); <u>State v. Ryan</u>, No. A-3631-11 (App. Div. Dec. 14, 2012), <u>certif. denied</u>, 214 N.J. 117 (2013).

On appeal, defendant argues:

> POINT I
>
> THE IMPOSITION OF A LIFE-WITHOUT-PAROLE SENTENCE UNDER THE "THREE STRIKES" LAW VIOLATES BOTH THE FEDERAL AND STATE CONSTITUTIONS WHERE THE OFFENDER WAS A JUVENILE AT THE TME OF ONE OF THE SUPPORTING OFFENSES.
>
> A.  The Three Strikes Law.
>
> B.  The Constitutional of Requirements.
>
> C.  Applying The Principles Set Forth In <u>Graham</u>, <u>Miller</u>, and <u>Zuber</u>, [It Is] Clear That Samuel Ryan's Life Without Parole Sentence Is Unconstitutional.

We conclude defendant's arguments lack sufficient merit to warrant discussion in a written opinion.  <u>R.</u> 2:11-3(e)(2).  We add the following brief remarks.

The "Three Strikes Law" compels a sentence of life imprisonment without parole for a person "who has been convicted of two or more crimes that were committed on prior and separate occasions . . . ." N.J.S.A. 2C:43-7.1(a).  Our Supreme Court has upheld the "Three Strikes Law" as constitutional,

A-2769-18T3

determining that imposition of a life sentence without parole does not amount to cruel and unusual punishment. State v. Oliver, 162 N.J. 580, 588 (2000).

The cases relied upon by defendant in support of his motion are inapplicable as defendant was almost twenty-three years old and, therefore, no longer a juvenile at the time of his second and third convictions. See Miller v. Alabama, 567 U.S. 460, 477-78 (2012) (establishing five factors to be considered when sentencing a juvenile in adult court); Graham v. Florida, 560 U.S. 48, 82 (2010) (precluding imposition of a life without parole sentence for a juvenile convicted of non-homicide offenses); Zuber, 227 N.J. at 451 (requiring a sentencing judge "to 'take into account how [juvenile defendants] are different, and how those differences counsel against irrevocably sentencing [juveniles] to a lifetime in prison'" (quoting Miller, 567 U.S. at 480)).

Here, defendant was an adult when he was sentenced to life in prison without parole. The decisions in Miller, Graham, and Zuber sought to prevent lifetime imprisonment for a juvenile offender in order to give the juvenile an opportunity to reenter society. Defendant had his opportunity to reenter society after completing his prison sentence for the offense committed while he was a juvenile. Rather than leading a law-abiding life, defendant committed additional crimes as an adult, demonstrating an escalating level of violence with each

A-2769-18T3

additional crime. Nothing in the case law prevents a sentencing judge from considering convictions for crimes committed by juveniles who are subsequently sentenced as adults under the "Three Strikes Law."

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2769-18T3